UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff - Appellee,<br><br>**v.**<br><br>**MOISES SALAS PALACIOS,**<br><br>    Defendant - Appellant. | CASE NO. 09cr02194 IEG (PCL)<br><br>**REPORT AND RECOMMENDATION FOR AN ORDER THAT REIMBURSEMENT IS NOT REQUIRED** |

On April 8, 2011, the United States Court of Appeals for the Ninth Circuit ordered Appellant to show cause why Appellant's pauper status should not be revoked. As of May 19, 2011, Appellant had not responded and the Court revoked Appellant's pauper status. The case was referred to the District Court to determine whether Appellant should be required to reimburse the Criminal Justice Act Fund ("Fund") for the cost of his appellate defense, including the cost of producing reporter's transcripts, and the fees and expenses of his former appointed counsel.

On June 2, 2011, this Court ordered: (1) Appellant to show cause why he should not be required to reimburse the Fund by filing an affidavit and statement of his current financial status, (2) United States Attorney to respond with any information about Appellant's financial condition or a reason why Appellant should be required to reimburse; and (3) Zandra Lopez, Appellant's Criminal Justice Act appointed counsel, to submit an account of her time and expenses on the appellate defense.

 Pursuant to judiciary policy, the Court may authorize the repayment of appellant's attorney and transcript fees if the Court finds that funds are available from or on behalf of the appellant. See 18 U.S.C. § 3006A(f); 7A Guide to Judiciary Policy § 220.60.  The funds are available only if the appellant has the present ability to pay the amount ordered. United States v. Seminole, 882 F.2d 441, 443 (9th Cir. 1989); see also United States v. Lorenzini, 71 F.3d 1489, 1494 (9th Cir. 1995) (finding that the defendant must have the current ability to repay the attorney fees before issuing a reimbursement order). Such a finding must be based on the defendant's current assets, not future earnings. United States v. Danielson, 325 F.3d 1054, 1077 (9th Cir. 2003).  Therefore, the court can properly disregard Appellant's future ability to pay. Id.

 In addition, monies paid on behalf of a defendant by a family or friend, over which the defendant has no control, are not available for payment. See United States v. Bracewell, 569 F.2d 1194, 1200 (2nd Cir. 1978); Bridges v. United States, 588 F.2d 911 (4th Cir. 1978) (holding that monies advanced by friends and relatives of defendant are not available for payment of defendant's fines).

 Appellant's CJA counsel did not file a request for payment and does not intend to file a request for her minimal work on the appellate defense. (Doc. 126). The pending determination is whether Appellant is responsible for the filing and docketing fees for his appeal, amounting to $455.

 On May 15, 2009, Appellant submitted for entry into the United States through the Calexico, California East Port of Entry driving a 1995 Honda.  (Doc. 1).  During secondary inspection, 25.34 kilograms (55.75 pounds) of cocaine was found in the vehicle.  (Doc. 9).  On September 16, 2010, the Appellant was found guilty of the importation and possession of cocaine with the intent to distribute in violation of Title 21 U.S.C. §§ 952, 960, 841(a)(1) and Title 18 U.S.C. § 2.  (Doc. 99, at 1).  The Appellant was sentenced and "committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 months as to each count, to run concurrent." Id. at 2.  Appellant has been in custody for over two years and according to the Federal Bureau of Prisons website, his projected release date from FCI Tealladega is January 30, 2018.  (Doc. 127).

 This Court has not received an updated financial affidavit from the Appellant. However, Appellant's attorney, Jose Badillo, submitted a response to the Court stating that Appellant's financial status has not changed since the time of his initial incarceration. Id.  At the time of Appellant's arrest,

he told the officers that he moved to Mexicali, Mexico to help his mother recover from surgery.  (Doc. 16, at 4).  Initially, Appellant's mother financially supported him because he could not find a job.  Id.  However during the same interview, Appellant said he was hired as a carpet installer for Televista in Mexicali one week before attempting to cross the border.  Id.   In addition, the financial affidavit Appellant submitted at that time indicated he was scheduled to earn approximately $600 a month from Televista.  The affidavit also revealed that Appellant did not own any property prior to his arrest.  Nevertheless, he had a financial obligation to support two dependent children and assist his mother with monthly bills.  (Doc. 4).  Accordingly, common sense dictates that a defendant who had recently gained employment before his incarceration and was earning $600 month but supporting his two children and mother will not have the current resources to cover a reimbursement.

Moreover, in this Court's experience, the driver of a vehicle filled with drug contraband is the lowest member of a conspiracy and gets paid only a fraction of the value of the load.  Thus, it is unlikely that Appellant had significant additional resources from his illegal activities beyond those from his carpet installer job.  Furthermore, Appellant's family retained Mr. Badillo's service with no spare resources to cover additional expenses.  Id.  In conclusion, this Court finds Appellant does not have the present ability to repay his transcript and docketing fees and therefore recommends that Appellant should not be required to reimburse the Criminal Justice Act Fund.

DATED: July 22, 2011

_____
Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:  The Honorable Irma E. Gonzalez
     All Counsel and parties

3

09cr02194